EXHIBIT 7

# FLORIDA LAND TRUST AGREEMENT

THIS TRUST AGREEMENT ("Trust Agreement" or "Agreement") dated as of the 25TH day of June, 2016, entered into by and among Martin V. Katz, hereafter referred to as the "Trustee" which designation shall include all successor trustees, and Transfer Trust, LLC, a Florida limited liability company, the "Beneficiary," which designation shall include all successors in interest to any Beneficiary, and J. John Ossenmacher;

## WITNESSETH

WHEREAS, the Trustee has been assigned a contract for and shall be conveyed or cause to be conveyed to the Trustee, as Trustee under this Agreement, title to a parcel of real property located at 17 Golfview Road, Palm Beach, FL 33480 situated on the premises more particularly described on Exhibit "A" attached hereto (herein referred to as the "Property"); and,

WHEREAS, when the Trustee has taken title to the Property, or to any other property conveyed to him as Trustee under this Agreement, he will hold the title, in trust, for the uses and purposes and subject to the terms and conditions as hereinafter set forth; and,

WHEREAS, it is further the intent of Trustee to take title to the Property in accordance with the provisions of Section 689.071, Florida Statutes; and,

WHEREAS, the Trust created by this instrument shall be known for all purposes as the "17 Golfview Road Land Trust."

NOW, THEREFORE, in consideration of the mutual premises herein contained the parties hereto agree as follows:

1. Title to the Property shall be conveyed to the Trustee in accordance with and the rights of the parties shall be governed, to the extent applicable, by the provisions of Section 689.071, Florida Statutes. The Trustee agrees to accept the deed to the Property and to cause said deed to be recorded in the Public Records of Palm Beach County, Florida, and to hold title to the Property for the uses and purposes herein stated. The Beneficiary shall advance to the Trustee all monies required by the Trustee to record said deed including, but not limited to, all appropriate documentary stamp taxes. The Beneficiary may not dedicate or cause any other property to be conveyed to the Trustee under this Trust Agreement unless the Trustee consents thereto in writing. Should other property subsequently be conveyed to and held by the Trustee pursuant to this Trust Agreement, the term "Property" as used herein shall mean and refer to all property, the title to which is held by the Trustee pursuant to this Trust Agreement. This Trust Agreement is identified as the 17 Golfview Road Land Trust.

2. Name, Address and Interest of Beneficiary:

   (a) Transfer Trust, LLC, a Florida limited liability company is the sole Beneficiary of this Trust, and as such shall be entitled to all of the earnings, avails and proceeds of the trust property according to the percentage interest set forth opposite its name:

MVK 000358

(b) The interest of the Beneficiary, without limitation of other rights and obligations of the Beneficiary, shall consist solely of the following rights respecting the trust property:

(1) Power to direct the Trustee to deal with title to the Property, which power shall include, but is not limited to, directions to the Trustee to execute deeds, leases, mortgages, promissory notes and all other instruments relating to the Property. Notwithstanding anything to the contrary herein, and as set forth in paragraphs 11 and 22 of this Trust Agreement, the Trustee shall have no individual liability whatsoever nor shall the Trustee be required to furnish any warranties that would result in any individual liability in regard to the execution of any such instruments.

(2) Power to manage, possess, use and control the Property.

(3) Right to receive the earnings, avails and proceeds from leases and other uses and from mortgages, sales and other dispositions of the Property.

(4) Enjoyment of all rights and privileges regarding the Property as if the Beneficiary were the legal and equitable owner of the Property.

Such rights and powers, as well as the interest of the Beneficiary under this Trust Agreement, shall be personal property. The Beneficiary shall not have any right, title or interest in or to any portion of the legal title to the Property. The death or dissolution of a Beneficiary shall not terminate this Trust Agreement or the trust created hereby or affect the rights or powers of the Trustee or of the Beneficiary except as provided by law and the interest of a Beneficiary of this Trust Agreement, shall be devised as an asset of such Beneficiary's estate or in accordance with the provisions of the governing documents of the Beneficiary. The death, insolvency, dissolution, or bankruptcy of a Beneficiary shall not terminate this Trust Agreement or in any manner affect the powers of the Trustee.

3. <u>Obligation of Trustee with Respect to Property</u>. The Trustee shall have no obligation to file any income, profit or other tax reports or returns or pay such or any other taxes relating to the Property, provided, however, that the Trustee shall have the right but not the obligation to file any tax return or pay taxes relating to the Property which Trustee, in Trustee's absolute discretion, deems should be filed by Trustee, and in such event the Beneficiary will cooperate with the Trustee in providing such information as is necessary to the proper and correct preparation of such return and the Beneficiary shall promptly pay to the Trustee the amount of said taxes as set forth in paragraph 11 hereof. The Beneficiary shall make all returns and reports and pay all real estate and all other taxes or charges payable with respect to the Property and to the earnings, avails and proceeds of the Property based on each Beneficiary's respective prorata interest under this Trust Agreement as provided in paragraph 2 hereinabove.

4. <u>Objects and Purposes of Trust</u>. The objects and purposes of this Trust shall be to hold title to the Property until its sale or other disposition or liquidation or until the termination or expiration of this Trust Agreement as provided in paragraph 20 hereof. The Trustee shall not

MVK 000359

manage or operate the Property nor undertake any other activity not strictly necessary to the attainment of the foregoing objects and purposes; nor shall the Trustee transact business of any kind with respect to the Property within the meaning of Chapter 609 of the Florida Statutes, or any other law; nor shall this Agreement be deemed to be, or create or evidence the existence of a corporation, de facto or de jure, or a Massachusetts Trust or any other type of business trust, or an association in the nature of a corporation, or a co-partnership or joint venture by or between the Trustee and the Beneficiary, or by or between the Beneficiary.

5. **Beneficiary Manages and Operates Trust Property.** The Beneficiary shall have the sole possession, management and control of the selling, renting, repairing, maintaining and handling of the Property and the Trustee shall have no right or duty in respect to such matters. The Beneficiary shall and does hereby indemnify and hold the Trustee harmless from and against all expenses, including attorney's fees, obligations and liabilities which the Trustee may incur or become liable for by virtue of the Beneficiary performing the matters set forth herein or by virtue of the fact that the Trustee holds legal title to the Property. The Beneficiary shall have the right to execute leases and collect rents in its name or through its respective agents. The Beneficiary is not the agent of the Trustee for any purpose whatsoever and does not have any authority whatsoever to contract or to execute leases or to do any other act or in the name of the Trustee or to obligate the Trustee personally or as Trustee.

6. **Protection of Third Parties Dealing with Trustee.** No party dealing with the Trustee in relation to the Property in any manner whatsoever, and (without limiting the foregoing) no party to whom the Property or any part of it or any interest in it shall be conveyed, contracted or sold, leased or mortgaged by the Trustee, shall be obliged (a) to see to the application of any purchase money, rent or money borrowed or otherwise advanced on the Property, (b) to see that the terms of this Trust Agreement have been complied with, (c) to inquire into the authority, necessity or expediency of any act of the Trustee or (d) to gain access to or an understanding of any of the terms of this Trust Agreement. Every deed, mortgage, lease or other instrument executed by the Trustee in relation to the Property shall be conclusive evidence in favor of every person claiming any right, title or interest under the Trust (a) that at the time of its delivery the Trust created under this Agreement was in full force and effect; (b) that instrument was executed in accordance with the terms and conditions of this Agreement and all its amendments, if any, and is binding upon the Beneficiary under it; (c) that the Trustee was duly authorized and empowered to execute and deliver each such instrument; (d) if a conveyance has been made to a successor or successors in trust, that the successor or successors have been appointed properly and are vested fully with all the title, estate, rights, powers, duties and obligations of its, his or their predecessor in trust.

7. **Trust Agreement Not to be Recorded.** This Agreement shall not be placed on record in the county in which the trust property is situated, or elsewhere, without the written consent of the Beneficiary. If it is so recorded with the written consent of the Beneficiary, that recording shall not be considered as notice of the rights of any person under this Agreement derogatory to the title or powers of the Trustee.

MVK 000360

8. **Beneficiary Cannot Bind Trustee or Other Beneficiary.** No Beneficiary shall have the authority to contract for or in the name of the Trustee or any other Beneficiary or to bind the Trustee or any other Beneficiary personally, except with respect to the Property.

9. **Forbidding Use of Name of Trustee or Beneficiary for Publicity.** The name of the Trustee shall not be used by the Beneficiary in connection with any advertising or other publicity whatsoever without the written consent of the Trustee. The identities of the Beneficiary shall not be used by the Trustee in connection with any advertising or other publicity whatsoever.

10. **Insurance.** The Beneficiary shall during the term of this Trust Agreement maintain and purchase at their expense insurance either in the name of the Trustee or showing the Trustee as an additional insured thereunder with said insurance to protect the Trustee against public liability and to protect the Trustee against such other hazards or liabilities and in such amounts as the Trustee may reasonably require. All such insurance shall be written on insurance companies reasonably acceptable to the Trustee. At the request of the Trustee, said policies of insurance shall be delivered to the Trustee or, in lieu thereof, certificates reflecting said coverage shall be delivered to the Trustee. In all events, said policies of insurance and certificates shall contain a provision that thirty (30) days notice shall be given to the Trustee by the insurance company issuing said policies prior to cancellation or termination of said policies of insurance. In the event the Beneficiary fail to make any payment for premiums on said policies of insurance the Trustee may, but is not required to, make said payment and said payment shall be considered an advance made by the Trustee under the provisions of paragraph 11 of this Trust Agreement.

11. **Trustee Responsibility to Make Advances or Incur or Pay Expenses.** The Trustee shall have the right, but not the duty, to make any advances or incur or pay any expenses on account of this Trust Agreement or the Property. If the Trustee shall make any such advances or incur or pay any such expenses on account of this Trust Agreement or the Property, or shall incur any expenses by reason of being a party to any litigation in connection with this Trust Agreement or the Property, or if the Trustee shall be compelled to pay money on account of this Trust Agreement or the Property, whether for breach of contract, injury to person or property, taxes of any kind, fines or penalties under any law, or otherwise, in any manner under this Trust Agreement as set forth in paragraph 22 (provided, however, the Trustee shall not be individually liable in any manner under this Trust Agreement as set forth in paragraph 22 hereof) the Beneficiary, on demand by the Trustee, shall pay to the Trustee within thirty (30) days, the amount of all such expenses, advances or payments made by the Trustee, plus all its expenses, including attorneys' fees, incurred by the Trustee in said matters, including attorneys' fees for appeals. The Trustee shall have the right, but not the duty, to employ and consult with attorneys regarding this Trust Agreement and the Property following reasonable notice to the Beneficiary; any and all costs and expenses incurred by the Trustee by virtue of said employment and consultation shall be deemed to be an advance or expense made or incurred by the Trustee under this paragraph to be paid by the Beneficiary on demand. Any other monies expended by the Trustee under any other provision of this Trust Agreement shall also be deemed to be an advance made by the Trustee under this paragraph 11. The Beneficiary further agrees to indemnify and hold the Trustee harmless of and from any and all expenses, including but not limited to, all costs and attorneys' fees, advances, payments or liabilities incurred by it for any reason whatsoever as

4

MVK 000361

a result of this Trust Agreement or the Trustee holding legal title to the Property under this Trust Agreement. The Trustee shall not be obliged to convey, transfer or otherwise deal with the Property or any part of it or to follow any instructions of the Beneficiary unless and until all of the payments, advances and expenses made or incurred or paid by the Trustee on account of this Trust Agreement or the Property shall have been paid. Further, any costs, fees, or expenses incurred by Trustee to collect such amounts, including his attorney fees, shall be paid to Trustee by the Beneficiary.

12. <u>Trustee Responsibility with Respect to Legal Proceedings.</u> The Trustee shall be under no duty to take any action, to pay any money or to incur any expenses in regard to any legal proceeding involving this Trust Agreement or the Property unless it shall elect, in its absolute discretion, to do so and be furnished with sufficient funds or be indemnified to its satisfaction by the Beneficiary. If the Trustee is served with process or notice of legal proceedings or of any other matters concerning this Trust Agreement or the Property, the sole duty of the Trustee shall be to forward the process or notice to the Beneficiary as provided in paragraph 28 hereof; in such case, the Beneficiary may defend said action in the name of the Trustee with counsel reasonably acceptable to the Trustee provided, however, the Trustee may at any time resign as such under this Trust Agreement or personally appear in said proceeding.

13. <u>Resignation or Death of Trustee.</u> The Trustee may resign at any time by giving written notice of such intention to resign to the Beneficiary. The resignation shall become effective after the Trustee shall have executed any and all documents furnished to the Trustee by the Beneficiary and satisfactory to the Trustee for execution, which documents shall be for the purpose of conveying to any successor trustee all existing rights of Trustee under this Trust Agreement and title to the Property provided, however, that in all events said resignation shall become effective no later than thirty (30) days after notice of resignation has been delivered to the Beneficiary. If the Trustee is advised in writing by the Beneficiary as to who the successor trustee is to be, the Trustee shall prepare, execute, deliver and/or record any and all documents which are necessary to convey or transfer title to the Property to such successor trustee. If notice of the successor trustee is not given to the Trustee in writing within twenty (20) days after notice of resignation has been delivered to the Beneficiary or if the Beneficiary fails to furnish documents satisfactory to the Trustee for execution within twenty (20) days after notice of resignation has been delivered to the Beneficiary, the Trustee may convey title to the Property to the Beneficiary (and if more than one then in accordance with the respective interests of the Beneficiary as set forth in paragraph 2 of this Trust Agreement), and the deed of conveyance may be recorded by the Trustee. Notwithstanding the resignation by the Trustee as provided herein, the Beneficiary shall upon such resignation immediately pay to the Trustee all payments, advances or expenses made or incurred by the Trustee in regard to this Trust Agreement or the Property. Following good faith efforts to avoid any litigation, Trustee may thereafter seek such payments, advances or expenses by appropriate judicial proceeding and, in said proceeding, the Trustee shall be entitled to recover from the Beneficiary, all its costs and expenses, including attorneys' fees, in such proceeding. Upon the death, removal, resignation, or incapacity of the Trustee, the successor trustee shall be elected by the majority of the members of the Beneficiary.

MVK 000362

The recording in the public records of Palm Beach, Florida, of a death certificate for any trustee under this Trust Agreement shall be deemed to be a conveyance of title to the Property to the successor trustee.

14. **Removal of Trustee.** The Beneficiary shall have the right and the authority at any time to remove the Trustee and appoint a successor Trustee as provided in Florida Statute Section, 689.071. In the event such Beneficiary fails to appoint a successor Trustee as provided in said Statute, a successor Trustee appointed by the vote of the majority of the members of the Beneficiary shall immediately replace the initial Trustee named herein.

15. **Amendment of Trust Agreement.** This Agreement contains the entire understanding between the parties and may be amended, revoked or terminated only by a written agreement signed by the Trustee and the Beneficiary.

16. **Florida Law Governs.** This Agreement shall be construed in accordance with the Laws of the State of Florida.

17. **Notices.** Any notice required to be given by the terms of this Agreement or by any applicable law by either party shall be in writing and shall be either hand delivered or sent by certified or registered mail, return receipt requested. Each written notice shall be addressed as follows:

If to Trustee:        Martin V. Katz
                      625 N. Flagler Drive, Suite 605
                      West Palm Beach, FL 33401

If to Beneficiary:    Transfer Trust, LLC,
                      a Florida limited liability company
                      625 N. Flagler Drive, Suite 605
                      West Palm Beach, FL 33401

Either party may, by subsequent written notice, designate a different address for receiving notice.

18. **Certified Copies Satisfactory Evidence.** Copies of this Agreement or any amendment to it, certified by the Trustee to be true and correct, shall be satisfactory evidence of such Agreement for all purposes.

19. **Successors Bound by this Agreement.** The terms and conditions of this Agreement shall inure to the benefit of and be binding upon any successor trustee under it, as well as upon the personal representatives, administrators, heirs, assigns and all other successors in interest of the Beneficiary. Every successor trustee shall become fully vested with all the title, estate, rights, powers, trusts and shall be subject to the duties and obligations of its predecessor under this Trust Agreement. The term Trustee shall thereafter mean and refer to said successor trustee.

6

MVK 000363

20. **Term.** The term of this Trust Agreement shall be for a period of twenty-one (21) years from the date of this Trust Agreement, unless sooner terminated (a) upon written notice to Trustee by the Beneficiary, or (b) as otherwise provided in this Trust Agreement. Upon expiration or termination or revocation of this Trust Agreement, the Trustee shall convey the Property to the Beneficiary in accordance with their respective proportionate interests in the Trust as provided hereinabove.

21. **Trustee Acts Only on Written Authorization.** It is agreed by the parties hereto that the Trustee will deal with the Property including cash or other assets of any kind which may become subject to this Trust Agreement only when authorized and directed to do so in writing by the Beneficiary. On the written direction of the Beneficiary, the Trustee shall execute deeds for, or mortgages or trust deeds (which may include a waiver of the right of redemption from sale under an order or decree of foreclosure) or execute leases all in regard to the Property or otherwise deal with the title to the Property including cash or other assets subject to this Trust Agreement, provided, however, that in regard to all documents to be executed by the Trustee, said documents shall be prepared by the Beneficiary and furnished to the Trustee with written direction by the Beneficiary to execute and redeliver to the Beneficiary or to any third person or persons. The Trustee shall not under any circumstances be obligated to execute any instrument which may, in the opinion of the Trustee, result in personal liability to the Trustee and rather than executing any instruments under this paragraph, the Trustee may resign as Trustee under this Trust Agreement as provided in paragraph 13 and, in the event the Trustee so resigns, the Trustee shall be under no duty to execute any instruments other than instruments provided in paragraphs 2, 13 and 14. The Trustee shall not be required to inquire into the propriety of any written direction by the Beneficiary or the authority of the person signing said direction. To the extent the Trustee follows any written direction received from the Beneficiary including, but not limited to, the execution by the Trustee in accordance with written direction of the Beneficiary of any deed or other instrument relating to the Property and delivery of said deed or other instrument in accordance with said written instructions, the Trustee shall have no duty, liability or obligation whatsoever and the Beneficiary, shall indemnify and hold the Trustee harmless from and against all claims, demands, costs and expenses, including attorneys' fees, losses, liabilities and obligations which the Trustee may pay, incur or sustain by virtue of the Trustee following said written instructions.

22. **Trustee Not Individually Liable.** The Trustee shall have no individual liability or obligation whatsoever arising from its ownership of or holding legal title to the Property, or with respect to any act done or contract entered into or indebtedness incurred by it in dealing with the Property or in otherwise acting under this Trust Agreement upon the direction of the Beneficiary except only so far as any Trust funds in the actual possession of the Trustee may be used to discharge such liability or obligation. By way of illustration and not by way of limitation, the Trustee shall be under no duty whatsoever to execute or enter into any instrument or agreement which does not contain language acceptable to the Trustee providing that the Trustee shall have no personal liability whatsoever.

23. **Disclosure of Interests.** The Trustee shall not, without the prior written consent of the Beneficiary, disclose to any person this Trust Agreement or the Beneficiary for whom the

7

MVK 000364

Trustee holds title to the Property hereunder, unless compelled to do so by legal process. The Trustee shall not however be responsible under this paragraph of any inadvertent disclosures made by it. Trustee shall promptly notify Beneficiary for any inadvertent disclosure.

24. Trustee Not Required to Give Warranty. The Trustee shall not be required to execute any instrument containing covenants of warranty.

25. No Third-Party Beneficiary. This Trust Agreement is solely for the benefit of the parties hereto and no person, persons, or entities not a part to this Trust Agreement shall have any rights or privileges under this Trust Agreement either as a third-party Beneficiary or otherwise.

26. Revocation and Amendment. The Beneficiary may, at any time, by written instrument delivered to the Trustee, revoke or terminate, with the written consent of the Trustee, amend this Trust Agreement. In the case of revocation or termination, the Trustee shall convey title to the Property in accordance with the procedures set forth in paragraph 13 of this Trust Agreement and, in the case of amendment, the Beneficiary shall furnish to the Trustee the written form of said amendment as executed by the Beneficiary. Upon the execution of said amendment by the Trustee, said amendment shall be considered to be an amendment to this Trust Agreement.

27. Assignment of Beneficial Interest. The Beneficiary may not assign any or all of its interest as Beneficiary under this Trust Agreement unless and until both of the following two (2) conditions have been met:

(a) The original or executed duplicate of an assignment subscribed in the presence of two witnesses is delivered to the Trustee and the Trustee has accepted in writing said assignment provided, however, that the Trustee shall be under no duty or obligation whatsoever to so accept any assignment, and the Trustee may in its absolute discretion determine whether or not to accept said assignment and may in its discretion reject said assignment; and

(b) The assignee of any beneficial interest agrees in writing to be bound by all the duties and obligations of the Beneficiary under this Trust Agreement including, but not limited to, the duty and obligation to pay to the Trustee all advances and expenses set forth in paragraph 11.

Upon the acceptance by the Trustee of an assignment as set forth in subparagraphs (a) and (b) hereof, the Beneficiary so assigning its interest under this Trust Agreement shall have no further liability or obligation under this Trust Agreement for any acts of the Trustee taken or performed after the acceptance by the Trustee of said assignment provided said assignment conveys the entire interest of said assigning Beneficiary under this Trust Agreement. The Beneficiary shall continue to be liable for matters occurring prior to the acceptance by the Trustee of said Assignment. Every assignment of any beneficial interest, the original or duplicates of which shall not have been delivered to and accepted by the Trustee in writing, shall be wholly ineffective as to the Trustee and all subsequent assignees or purchasers without notice.

MVK 000365

Although the death or dissolution of a Beneficiary shall not be deemed an assignment of the interest of such Beneficiary under this paragraph (as set forth in paragraph 2 hereof), any assignment of said interest by the personal representative of such Beneficiary shall be deemed to be an assignment under this paragraph 27 subject to required acceptance by the Trustee.

28. Inquiries. Written inquiries, legal and other notices, tax statements and all other documents and writings received by the Trustee and relating to this Trust Agreement or the Property shall be sent and forwarded promptly after receipt by the Trustee to the Beneficiary.

29. Conveyance to Beneficiary. Any conveyance of the Property or any other property conveyed by the Trustee under this Agreement to the Beneficiary shall be by a Trustee's Deed.

30. Indemnification. J. John Ossenmacher, and his personal representatives, executors, heirs, successors and assigns, and the Beneficiary its successors and assigns, jointly and severally, hereby agree to save, defend, indemnify and hold harmless the Trustee against any and all losses, claims, damages, liabilities and expenses, taxes, fees, attorney fees and costs, including reasonable costs of investigation and counsel fees and disbursements, which may be imposed upon the Trustee or incurred by the Trustee hereunder, or in the performance of its duties hereunder, including any litigation arising from this Agreement, or involving the subject matter hereof.

31. Miscellaneous. The captions for the paragraphs contained herein are solely for the convenience of the parties and do not, in themselves, have any legal significance. Time is of the essence of this Trust Agreement. In this Trust Agreement, the plural includes the singular and, vice versa, and masculine, feminine and neuter pronouns and the words "Trustee" and "Beneficiary" shall each include all genders. This Trust Agreement constitutes the complete agreement between the parties hereto and there are no representations, agreement or understandings other than as set forth herein. Counterpart signatures shall be permitted and effective hereunder as originals.

(Signature Pages Follow)

MVK 000366

IN WITNESS WHEREOF, Trustee, the Beneficiary, and J. John Ossenmacher have executed this Agreement the day and year first written above.

Witnesses as to Trustee:                                Trustee:

_____                               _____
Signature of Witness                                    Martin V. Katz

_____
Printed Name

_____
Signature of Witness

_____
Printed Name

STATE OF FLORIDA            )
COUNTY OF PALM BEACH        )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the county aforesaid, to take acknowledgments, personally appeared MARTIN V. KATZ, who [is personally known to me] OR [has produced _____ as identification] and who executed the foregoing instrument and he acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this ___ day of June, 2016.

_____
Notary Public

Printed Name: _____
Commission No.: _____
My Commission Expires: _____

10

Witnesses as to Beneficiary

Beneficiary:

Transfer Trust, LLC,
a Florida limited liability company

By: _____
    Martin V. Katz
Its: Manager

_____
Signature

_____
Printed name

_____
Signature

_____
Printed name

STATE OF FLORIDA       )
COUNTY OF PALMB EACH  )

    I HEREBY CERTIFY that on this ___ day of June, 2016, before me, an officer duly authorized in the State aforesaid and in the county aforesaid, to take acknowledgments, personally appeared Martin V. Katz, as Manager of Transfer Trust, LLC, a Florida limited liability company, who [is personally known to me] OR [has produced _____ as identification] and who executed the foregoing instrument and he acknowledged before me that he executed the same.

_____
Notary Public

Printed Name: _____
Commission No.: _____
My Commission Expires: _____

11

MVK 000368

_[signature]_
Signature of Witness

JL Mellerski
Printed Name

_[signature]_
Signature of Witness

Karla Hernandez
Printed Name

_[signature]_ J. John Ossenmacher

STATE OF FLORIDA           )
COUNTY OF PALM BEACH       )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the county aforesaid, to take acknowledgments, personally appeared J. John Ossenmacher, who [is personally known to me] OR [has produced _____ as Identification] and who executed the foregoing instrument and he acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this ___ day of June, 2016.

see attached

_____
Notary Public

Printed Name: _____
Commission No. _____
My Commission Expires: _____

12

MVK 000369



# All-purpose Acknowledgment   California only

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Orange

On 06/25/2016 before me, Andrew T. Hoang, Notary Public (here insert name and title of the officer),

personally appeared J. John Ossenmacher

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

ANDREW T. HOANG
COMM. #2083951
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires 09/29/2018

Notary Seal

WITNESS my hand and official seal.

Signature  Andrew T. Hoang

Description of Attached Document
Type or Title of Document  Florida Land Trust Agreement

Document Date  —                          Number of Pages  —

Signer(s) Other Than Named Above  —

F001-000DSG5350CA-01

MVK 000370

# EXHIBIT "A"

## LEGAL DESCRIPTION

Parcel 1:
Lot 17, of Golf View, an Addition to the Town of Palm Beach, Florida, according to the plat thereof on file in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, recorded in Plat Book 7, Page 69.

Also all those certain parcels of land lying and being in the Town of Palm Beach, County of Palm Beach and State of Florida, more particularly described as follows:

Parcel 2:
Beginning at the Southwest corner of Lot 17 of Golf View, a subdivision of property of Ocean and Lake Realty Company in the Town of Palm Beach, Palm Beach County, Florida, as shown upon and located by the Plat of Golf View on file in the Office of the Clerk of the Circuit Court of Palm Beach County, Florida, in Plat Book 7, Page 69; thence run in a Southeasterly direction on a line forming an angle of 42°20' with the South line of said Lot 17, a distance of 99.04 feet; thence Easterly on a line forming an angle of
137°40' with the last described course a distance of 27.18 feet; thence Northeasterly on a line forming an angle of 99°05' with the last described course a distance of 36 feet; thence Northerly on a line forming an angle of 170°55' with the last described course a distance of 31.22 feet, more or less, to a point which would be on the South line of said Lot 17 if projected East; thence West along the supposed Easterly projecting of the South line of said Lot 17 to a distance of 6 feet more or less, to the Southeast corner of said Lot 17; thence continuing West along the South line of Lot 17 to the Point of Beginning. All angles hereinabove mentioned are inside angles.

Parcel 3:
Tract I: For a Point of Beginning start at the Northeast corner of Lot 17, of Golf View, a subdivision within the Town of Palm Beach, Florida, according to a plat thereof on file in Plat Book 7, Page 69, Public Records of Palm Beach County, Florida; thence run East on the South boundary of Golf Road, 10 feet; thence run South on a line parallel with the Eastern boundary of Lot 17 aforesaid, to a point which will be intersected by an extension of the South line of Lot 17 aforesaid East; thence run West to the Southeast corner of Lot 17 aforesaid; thence run North along the East line of Lot 17 aforesaid to the Point of Beginning.
Tract II: For a Point of Beginning start at the Northwest corner of Lot 17 of Golf View, a subdivision within the Town of Palm Beach, Florida, according to the plat on file in the Office of the Clerk of the Circuit Court of Palm Beach County, Florida, in Plat Book 7, Page 69 of the Public Records of Palm Beach County, Florida; thence run West on a South line of Golf Road, 10 feet; thence run South on a line parallel with the West line of Lot 17 aforesaid to a point which will be intersected by an extension of the South line of Lot 17, aforesaid to the West; thence run East to Southwest corner of Lot 17 aforesaid; thence run North on the West line of Lot 17 aforesaid to the Point of Beginning.

Parcel 4:
Beginning in the South line of Golf Road, 10 feet West of the West line of Lot 17, according to plat of Golf View, recorded in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, in Plat Book 7, Page 69; thence Southerly and parallel to the said West line of Lot 17, a distance

11

MVK 000371

of 100 feet; thence Westerly and parallel to said South line of Golf Road a distance of 20 feet; thence Northerly and parallel with said West line of Lot 17, a distance of 100 feet to the said South line of Golf Road; thence Easterly along said South line of Golf Road, a distance of 20 feet to the place of beginning.

14

MVK 000372